# EXHIBIT A

MARC D. GARFINKLE
Attorney at Law
2070 Millburn Avenue
Maplewood, NJ 07040-3797
(973) 275-1313
<u>Attorney for Plaintiffs</u>

RECEIVED
Superior Court of NJ

MAR 0 8 2011

CIVIL CASE MANAGEMENT
UNION COUNTY

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: UNION COUNTY
DOCKET NO. UNN-L- 0961-11

DONALD AND KRISTEN AURIEMA,
husband and wife,

        Plaintiffs,

vs.

CARE.com, JANICE LOREN, a/k/a
JANICE LORENC and DOES I through
V, Inclusive,

        Defendants

CIVIL ACTION

COMPLAINT AND JURY DEMAND

<u>COUNT ONE</u>
(Negligence)

1.    Plaintiffs, **DONALD AURIEMA** and **KRISTEN AURIEMA** are husband and wife who are homeowners at 225 Morris Avenue in Scotch Plains, Union County, New Jersey, hereinafter "the premises." Plaintiffs live at the premises with their infant newborn triplets. At all times herein mentioned, plaintiffs were concerned about finding a quality caregiver for the babies.

2.    Defendant, **CARE.com** is a business that provides various sorts of domestic assistance to individuals and families. Defendant, **CARE.com** does business in New Jersey through the Internet by arranging the employment of individuals in New Jersey with employers who have specific domestic needs.

3. Defendant, **JANICE LORENC** is a person who held herself out as a caregiver. At all times herein mentioned, she used the alias **JANICE LOREN**. Her last address known to plaintiffs is the Somerset County Jail.

4. **DOES I through V**, Inclusive are individuals or business entities engaged in the business of providing criminal background checks to individuals and other businesses. Plaintiffs are informed and believed, and therefore allege, that one or more of these fictitiously named defendants was hired by **CARE.com** to provide a criminal background check on **LORENC**. Plaintiffs relied to their detriment on the clear criminal background reports, so these fictitiously named defendants are liable to plaintiffs for negligently failing to provide an accurate criminal background check of **LORENC**. As the identities of such fictitiously named defendants are discovered, the plaintiffs will move this Court for leave to amend this Complaint to include such identities, nunc pro tunc.

5. In the summer of 2010, plaintiffs were expecting to become the parents of triplets. They knew they would need domestic help for the period immediately following the birth, and for some time thereafter. In or about July 2010, plaintiffs took steps to find a nanny.

6. As a result of their search, plaintiffs learned about **CARE.com**, and contacted **CARE.com** through its website. **CARE.com** provided plaintiffs with the names and profiles of potential nannies. One of these was the profile of **JANICE LOREN**. **LOREN**'s profile indicated that she had cleared a background check which had been arranged through **CARE.com**.

7. Plaintiffs would later learn that **LOREN** was in fact was in fact **JANICE LORENC** who had a significant criminal history prior to July 2010.

8. Plaintiffs contacted **CARE.com** to arrange an interview with **LORENC**. As a result of that interview and reassured by the background check, plaintiffs hired **LORENC** as a caregiver.

9. **LORENC** first worked for plaintiffs on July 30, 2010. She agreed to work overnight on the weekend of August 7th and August 8th to assist plaintiffs with the baptism for their triplets that weekend.

10. The baptism was on August 8th. At that time, one of plaintiffs' guests was missing a credit card from a wallet which was later found under a table at the reception. Following the reception, there were many bags and envelopes containing presents, cash and checks. The next morning, plaintiffs noticed that many of the gift bags did not have envelopes in them. Plaintiffs also noticed that several guests had left presents for one or two of the triplets, but not all three.

11. Plaintiffs began calling guests with the embarrassing task of asking them if perhaps a present had been stolen. One good friend said he left $500 in cash for the triplets and another with $100 for plaintiffs' older son.

12. Plaintiffs then noticed that jewelry, a passport and many valuables were missing. Gift cards from plaintiffs' son birthday, a bracelet, jewelry that plaintiff sells, legal hypodermic needles and pain medications were also missing.

13. Within weeks, plaintiffs discovered a large number of personal items had been stolen. Some had been pawned. Many items of personal importance are still missing.

14. Defendants and all of them were negligent in failing to ascertain the true identity of the person whose background they were checking. As a result of the negligence of defendants and each of them, plaintiffs suffered the losses complained of herein.

15. As a direct and proximate result of the negligence of defendants, plaintiffs were caused to suffer an economic loss in an amount to be proven at trial. Plaintiffs also suffered embarrassment and humiliation, fear, emotional shock and horrification. Plaintiffs have had sleepless nights and emotional distress as a result of such negligence.

WHEREFORE, plaintiffs pray for damages as set forth below.

## SECOND COUNT
(Breach of Contract)

1. Plaintiffs repeat the allegations of the First Count as though set forth herein at length.

2. Plaintiffs and defendant, **CARE.com** entered into an agreement for the employment of one **JANICE LOREN**.

3. **CARE.com** breached that agreement by failing to provide a caregiver known as **JANICE LOREN**.

4. **CARE.com** agreed to provide a healthcare giver without a clear criminal background.

5. **CARE.com** breached that agreement by failing to provide a caregiver with a clean background.

6. Plaintiffs have met all of their obligations under the contract.

## DAMAGES

Plaintiffs pray for the following relief:

a. for compensatory damages according to proof at trial;

b. for consequential damages such as suffering, shock and emotional distress;

c. for refund of all funds paid to defendants;

d. for attorneys fees and costs of suit;

e. for such other and further relief as the Court deems just and appropriate.

## JURY DEMAND

Plaintiffs demand a trial by jury as to all issues so triable.

_____
MARC D. GARFINKLE
Attorney for Plaintiffs

## DESIGNATION OF TRIAL COUNSEL

Pursuant to the provisions of Rule 4:25-4, the Court is hereby advised that MARC D. GARFINKLE, ESQ., is hereby designated as trial counsel.

## CERTIFICATION
(Pursuant to R. 4:5-1)

I, the undersigned, hereby certify that, to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any Court, nor is it the subject of a pending arbitration proceeding, nor is such a proceeding contemplated.

Dated: 3-7-11

_____
MARC D. GARFINKLE